## FRANKLIN V. LARABEE.

A garnishee who holds property which by a fraudulent conveyance from the debtor, is conveyed to another, is liable for the property he holds as the property of the absconding debtor.

SCIRE FACIAS against him as agent, factor, and trustee to Doct. Carrington, an absent absconding debtor; alleging, that a copy was left with him in service on the 24th of March, A. D. 1790; that he recovered judgment in said suit against said Carrington for £　on which execution was granted, and had been returned *non est inventus;* alleging that the defendant was agent, factor, etc. to said Carrington, when said copy was left in service, and had of his effects in his hands, etc.

The defendant plead in bar — That on the 14th of March, A. D. 1790, said Carrington by a bill of sale made over and mortgaged to Mark Leavensworth, who was a creditor to said Carrington, one vessel and a part of another; also all his part of the cargo in his possession; that said vessels were delivered to Mr. Dickerson at a valuation in satisfaction of a debt due to him from said Carrington; and that said cargo still remained in the defendant's possession for said Leavensworth.

The plaintiff replied — That said bill of sale was fraudulent, and made to said Leavensworth in trust to defeat creditors of their just dues; upon which the parties were at issue to the court.

The case was — After Carrington became in failing circumstances, he made a bill of sale of this property to Leavensworth, in trust to pay his creditors by his order, and to account to him for the surplus; Dickerson had been paid his debt by the vessels. Nothing that Carrington had said subsequent to the giving of the bill of sale was admitted to be given in evidence.

The court found said bill of sale to be fraudulent, and made in trust to defeat creditors.

Every creditor is entitled to the remedies which the law provides, to secure and to recover his dues from his debtor; and for a debtor who is insolvent or in failing circumstances, to convey away his estate, to defeat his creditors of their legal

remedy, is a fraud upon both the law and the creditors. If the laws of Connecticut in this respect, are not so equal in the opinion of some, as they might be, it doth not alter the case; for every citizen is entitled to the benefits and remedies which the law gives him. See Samuel Brown's Executors v. Burrel, Fairfield January Term, A. D. 1791.