## Cone *v.* Cone.

In the Court below,

STEPHEN CONE, jun. *Plaintiff;* STEPHEN CONE, JASON HAMMOND, and JAMES FOSTER, *Defendants.*

A declaration in ejectment, containing the usual allegations, is good, without demanding seizin and possession in the conclusion.

THIS was an action of ejectment.

The declaration contained the usual allegations. It began thus : " In a plea, that to the plaintiff the defend-" ants render the seizin, and quiet possession of a par-" cel or tract of land," &c. It concluded with a demand of damages and costs, and omitted any further demand of seizin and possession.

There was a general verdict in favour of the plaintiff,

on the issue of *no wrong or disseizin,* regularly joined, and then a motion in arrest, for the insufficiency of the declaration. This motion was, by the Superior Court, adjudged sufficient, and the verdict set aside.

The judgment of the Superior Court, on the motion in arrest, was assigned as cause of error.

*Dana* and *Dwight,* for the plaintiff.

*Perkins,* (of Hartford) and *Staples,* for the defendants.

The judgment was reversed, unanimously, and the verdict established.

BY THE COURT. The judgment of the Superior Court was defended on the authority of *Hawley* v. *Castle,* (*a*) and *Porter* v. *Warner,* (*b*) which cases are directly in point; but there appears no sufficient reason to warrant those decisions. The omission in this declaration is, at most, only matter of form; and such a defect is never regarded after verdict. But there is no defect even in point of form. The declaration once demands the seizin of the land, and it concludes with a demand of damages and costs. The declaration, therefore, is apt to the purpose in view, and sufficiently clear and certain, both to a common and legal intent.

The most approved English forms from *Lilly's* Entries, and the Pleader's Assistant, so far as they apply to this declaration, justify it; and the declarations in the actions of debt and ejectment, with respect to the present question, are somewhat analogous.

(*a*) *Kirby* 318.　　　　(*b*) 1 *Root* 488.

1803.

CONE
*v.*
CONE.

On the general principles of law, therefore, and the most approved precedents, the declaration in question is good; and, consequently, the judgment of the Superior Court is erroneous.